IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| JOHN C. ROSE, | : | |
| | : | CASE NO. 1-08-bk-00317 RNO |
| Debtor | : | |

*************************************************************************

| | | |
|---|---|---|
| ROBERTA A. DeANGELIS, ACTING | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN C. ROSE, | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 1-08-ap-00092 RNO |

## **<u>Opinion</u>**

Presently before this Court are the Motion of United States Trustee for Summary Judgment and the Motion of John C. Rose for Summary Judgment. For the reasons stated herein, both Motions for Summary Judgment are denied and the matter will proceed to trial.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**II.  Facts**

On January 21, 2008, the Debtor, John C. Rose ("Rose"), filed for relief under chapter 7 of the Bankruptcy Code. Prior to the petition date, Rose entered into a series of transactions that are the basis for the United States Trustee's ("UST") objection to discharge. Beginning in 2003, Rose began borrowing monies from family, friends and business associates that continued up to

1

Case 1:08-ap-00092-RNO    Doc 28    Filed 12/22/08    Entered 12/22/08 10:03:09    Desc
Main Document      Page 1 of 6

September 2007. (Debtor's Uncontested Statement of Facts, ¶ 18; Response of United States Trustee, ¶ 18). During this time period, Rose operated a branch of Sunset Mortgage which later became Eagle National Bank, and his annual gross income ranged between $35,000.00 and $40,000.00. (Debtor's Uncontested Statement of Facts, ¶¶ 15, 16, and 19; Response of United States Trustee, ¶¶ 15, 16, and 19). Rose began borrowing to cover losses relating to business expenses and had incurred a substantial amount of personal debt by July 2005. (Rose Tr. p. 103, June 10, 2008). By the time that Rose filed his chapter 7 petition, Rose owed $873,503.00 in unsecured debt to a total of thirty-three creditors. (Debtor's Uncontested Statement of Facts ¶ 2; Response of United States Trustee ¶ 2).

### III.  Summary Judgment Standard

Summary judgment is governed by Federal Rule of Civil Procedure 56(c) which is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)). The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex Corp.*, 477 U.S. at 322-23.

"In evaluating the evidence, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.' " *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). "[A]t the summary judgment stage the judge's function is

2

not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Determinations regarding issues of credibility and weighing of evidence are not functions suitable for summary disposition. *See Anderson*, 477 U.S. at 255. ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").

**IV.    Discussion**

The complaint in this adversary proceeding was filed pursuant to 11 U.S.C. § 727(a)(2)(A) and is seeking the denial of Rose's chapter 7 discharge. Section 727(a)(2) allows for a denial of discharge when:

> the debtor, **with intent to hinder, delay, or defraud** a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed –
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or . . .

(emphasis added)

Several elements are required to justify a denial of discharge under § 727(a)(2)(A) including that the debtor "(1) transferred or concealed property; (2) belonging to him; (3) within one year of the bankruptcy filing or after the petition was filed; and (4) with intent to hinder, delay, or defraud a creditor." *In re DiLoreto*, 266 Fed.Appx. 140, 144 (3d Cir. 2008) (citing *In re Dawley*, 312 B.R. 765, 782 (Bankr. E.D.Pa. 2004)). The elements must be shown by a preponderance of the evidence by the party opposing discharge. *In re Zimmerman*, 320 B.R. 800, 806 (Bankr.

3

M.D.Pa. 2005) (citing *Grogan v. Garner*, 498 U.S. 279, 289-90, 111 S.Ct. 654, 660, 112 L.Ed.2d 755 (1991).

The intent necessary for a denial of discharge may be found from "inferences drawn from a course of conduct." *Zimmerman*, 320 B.R. at 806. Such inferences can be made by considering "badges of fraud." *In re DiLoreto*, 266 Fed.Appx. at 144 (referencing *In re Watman*, 301 F.3d 3, 8 (1st Cir. 2002).

> Those indicia [of fraudulent intent] include: (1) insider relationships between the parties; (2) the retention of possession, benefit or use of the property in question; (3) the lack or inadequacy of consideration for the transfer; (4) the financial condition of the party sought to be charged both before and after the transaction at issue; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; (6) the general chronology of the events and transactions under inquiry; and (7) an attempt by debtor to keep the transfer a secret; . . ." *In re Watman*, 301 F.3d 3, 8 (1st Cir. 2002) (citations omitted).

In support of his Motion for Summary Judgment, Rose filed affidavits from fifteen unsecured creditors who had made loans to him. (Rose Br. in Supp. of Summ. J., Attach. 1). The affidavits have similar language stating that the creditors were aware that Rose was in financial trouble at the time that the loans were made and that at no time did the lender believe that he or she was "investing in a business enterprise or buying a piece of a 'for profit' business or real estate development." (Rose Br. in Supp. of Summ. J., Attach. 1). Some of the affidavits also included a provision that the creditors were "aware that at least some if not all of the money that [the creditor] was lending would be used to pay other obligations of John C. Rose." (Rose Br. in Supp. of Summ. J., Attach. 1). In addition, Rose attached a proof of claim and accompanying letter from a creditor, Mary Dean, to further support his Motion.

4

The UST filed an affidavit from Rebecca Plesic, a paralegal, in support of its Motion for Summary Judgment. The affidavit contains numerous factual assumptions and legal conclusions, which ultimately should be determined by the fact finder. In addition, the UST attached spreadsheets categorizing and organizing the transactions in each of Rose's bank accounts. The UST also provided copies of the "notes" documenting the unsecured loans to Rose.

## V. Conclusion

In considering each Motion for Summary Judgment, this Court reviews the evidence in the light most favorable to the nonmoving party and draws all inferences in that party's favor. It is important to note that ". . . caution should be exercised in granting summary judgment where state of mind is in issue . . " *Flaherty v. Coughlin*, 713 F.2d. 10, 13 (2nd Cir. 1983). Furthermore, it is inappropriate for issues of fact to be tried by mere review of opposing affidavits. *U.S. v. One Tintoretto Painting Entitled The Holy Family With Saint Catherine and Honored Donor*, 691 F.2d 603, 606 (2nd Cir. 1982). With these considerations in mind, this Court feels that it is important that such issues of fact be resolved at trial where the Court has an actual opportunity to assess the credibility of each witness' testimony.

Given these considerations, and the evidence provided to this Court, the Court finds that there exists several genuine issues of material fact. First, an issue exists as to Rose's intentions and motivations at the time he entered into the series of loans created between 2003 and 2007. Second, an issue exists as to Rose's intentions when he made repayment on some of those loans created between 2003 and 2007. Third, an issue exists as to what representations were made to the lenders who made loans to Rose. Fourth, an issue exists with regard to the motives and

expectations of the parties who made the loans to Rose.

Therefore, given the outstanding genuine issues of material fact, both the Motion of United States Trustee for Summary Judgment and the Motion of John C. Rose for Summary Judgment are hereby denied.  An Order will be entered consistent with the foregoing Opinion.

Date:   December 22, 2008

_____
Robert N. Opel, II, Bankruptcy Judge
*This opinion is electronically signed and filed on the same date.*   (BI)